UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>)<br>) |
| v. | ) Case No: 09-cr-293-RCL<br>) |
| PABLO CASAS PEREZ, | )<br>) |
| Defendant. | )<br>)<br>) |

## MEMORANDUM OPINION

Before the Court is defendant Pablo Cases Perez's motions [ECF Nos. 29, 31] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). These motions are based on Amendment 782 to the United States Sentencing Guidelines and must be analyzed under the "two step inquiry" set forth in *Dillon v. United States*, 560 U.S. 817 (2010). Under *Dillon*'s test, the Court must first determine if Mr. Perez is eligible for a sentence reduction under § 3582(c)(2) and then determine whether or a not such a reduction is warranted according to the factors enumerated in 18 U.S.C. § 3553(a). After considering Mr. Perez's motions, the record in this case, and the applicable law, the Court will deny Mr. Perez's motions because he is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

I.  BACKGROUND

In 2009, Mr. Perez was charged with conspiracy to distribute and possess with intent to distribute 500 grams of more of methamphetamine. In 2013, he entered into a plea agreement with the government under which he plead guilty to this charge, and agreed that he was accountable for at least 1.5 kilograms but less than 5 kilograms of methamphetamine. The base offense level for Mr. Perez was found to be 34. It was adjusted upwards to a 37 based on his status as a career

offender. It was adjusted three points down to a 34 based on acceptance of responsibility. Accordingly, with an offense level of 34 and a criminal history category of VI, the applicable guideline imprisonment range was 262 to 327 months.

Under Mr. Perez's plea agreement, however, he and the government agreed that a sentence of 156 months was appropriate. Mr. Perez was sentenced to 156 months imprisonment.

## II. LEGAL STANDARDS

Courts may modify terms of imprisonment once they have been imposed when "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). On April 30, 2014, the Sentencing Commission submitted to Congress Amendment 782, proposing a downward revision to sentencing ranges for drug trafficking offenses (sometimes referred to as "all drugs minus two"), and Amendment 788 which allows for the retroactive application of Amendment 782. Amendment 782 affects U.S.S.G. § 2D1.1, which discusses the base offense levels for the manufacture, importation, exportation, or trafficking of drugs, and attempt or conspiracy to commit such offenses. Amendments 782 and 788 became effective on November 1, 2014. The policy statement regarding Amendment 782 is contained in U.S.S.G. § 1B1.10.

Courts follow a two-step approach when determining whether a sentence reduction is warranted under § 3582(c). *Dillon*, 560 U.S. at 826. First, the court determines whether a defendant is eligible for a sentence reduction and to what extent. *Id.* at 826–27. The court must "'determin[e] the amended guideline range that would have been applicable to the defendant' had

the relevant amendment been in effect at the time of the initial sentencing." *Id.* at 827 (quoting U.S.S.G. § 1B1.10(b)(1)). However, "[c]ourts generally may 'not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range' produced by the substitution. Only if the sentencing court originally imposed a term of imprisonment below the Guidelines range does § 1B1.10 authorize a court proceeding under § 3582(c)(2) to impose a term 'comparably' below the amended range." *Id.* (citing U.S.S.G. § 1B1.10(b)(2)(A)–(B)).

If the defendant is eligible for a sentence reduction, the court moves on to step two, which is "to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Dillon*, 560 U.S. at 827.

## III. ANALYSIS

The Court finds that Mr. Perez is not eligible for a sentence reduction. Mr. Perez agreed to accept responsibility for 1.5 kilograms of methamphetamine. This resulted in a base offense level of 34 under U.S.S.G. § 2D1.1. *See* Presentence Investigation Report (PSR) ¶ 36, ECF No. 18. Mr. Perez was found, however, to be a career offender under U.S.S.G. § 4B1.1. *Id.* ¶ 42. "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a). Thus, under the career offender provisions, his offense level was 37. *See* PSR ¶ 42. He was given a three level reduction for acceptance of responsibility, resulting in a total offense level of 34. *Id.* ¶¶ 43–45.

Where defendants are sentenced based on their status as a career offender as opposed to any otherwise applicable advisory Guidelines range, Amendment 782 does not have the effect of lowering the applicable guidelines range and defendants are not entitled to relief under 18 U.S.C. § 3582(c)(2). *See United States v. Izenberg*, 645 F. App'x 614, 617 (10th Cir. 2016); *United States v. Thomas*, 775 F.3d 982, 983 (8th Cir. 2014) ("Amendment 782 amended § 2D1.1. It did not lower the sentencing range established for a career offender by § 4B1.1. Therefore, [the defendant's] 'applicable guidelines range' was unaffected by Amendment 782."). Because Mr. Perez's sentence was based on the career offender guidelines, he is not eligible for a sentence reduction under Amendment 782, which only affects the drug quantity guidelines.

Furthermore, Mr. Perez was sentenced below the original guidelines range of 262 to 327 months pursuant to his plea agreement with the government, in which the parties agreed that 156 months was the appropriate term of imprisonment. The revised guidelines calculations for Mr. Perez have not changed; the applicable range is still 262 to 327 months. Thus, because Mr. Perez's actual sentence is below the low end of the new guidelines range, he is not eligible for a sentence reduction. Mr. Perez's motions do not pass the first step of *Dillon* and the Court will deny his motions.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that Mr. Perez is not eligible for a sentence reduction. His motions will be denied. A separate Order accompanies this Memorandum Opinion.

Date: August 9, 2017

Royce C. Lamberth
United States District Judge